ERVIN, Chief Justice
(specially concurring) :
The real basis for the Florida Public Service Commission’s action here appears to be that the granting of the certificate to Greyhound will facilitate its interstate passenger service by extending it from its present terminus in southwest Florida to Miami, Florida. Very little more is shown in support of the Commission’s action. The record is particularly meager in countervailing contentions of Tamiami that the action of the Commission will materially affect the economics of its existing service over the route and that its existing service is adequate and efficient.
Based on the far-reaching precedent established in these proceedings, I see little reason for the Florida Public Service Commission hereafter denying either Greyhound Lines, Inc., or Tamiami Trail Tours, Inc., a certificate of public convenience and necessity to duplicatingly operate over the routes of the other anywhere in the state. Both carriers are members of national bus line systems and provide interstate travel to and from the state.
The Commission’s effort to “even up” to Tamiami its action of permitting Greyhound’s competitive duplicating service over routes heretofore served only by Tamiami by granting Tamiami privilege to operate over certain routes now served by Greyhound is a transparent admission that the old rules for determining the necessity and convenience of permitting duplicating rights have for all intents and purposes been discarded by the Commission. I view the “evening up” action of the Commission as indicating something more than an attempt to appease Tamiami, although it certainly has all the indicia of such an effort. I prefer to view it on the higher ground that the Commission now recognizes there is little reason to deny either carrier the privilege of duplicating the interstate service of the other anywhere in the state.
It is apparent to me that the Commission by its action has merely recognized the fact that the two interstate lines have attained such operational status in the state *7 that they are entitled to duplicate the route of the other whenever desired as a necessary consequence to providing convenience and adequate service to interstate passengers and that this service is highly essential to Florida because of its geographic location and tourist orientation.
I accept this basic underlying concept applied by the Commission in this case as a realistic innovation. However, I believe it would be a cynical departure from this precedent not to apply it in the future when either carrier seeks to duplicate the interstate service in Florida of the other.